UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THOMAS FALVO**,

　Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 8:24-cv-01412-WFJ-AEP

**ATLANTIC SPECIALTY INSURANCE COMPANY**,

　Defendant.
_____/

## ORDER

Before the Court is Defendant/Counterclaim Plaintiff Atlantic Specialty Insurance Company's ("ASIC") Motion for Judgment on the Pleadings. Dkt. 23. Plaintiff Thomas Falvo ("Falvo") has responded in opposition, Dkt. 28, and ASIC has replied. Dkt. 30. Upon due consideration, the Court denies Defendant ASIC's motion for judgment on the pleadings.

## FACTUAL BACKGROUND

This case arises from a boating accident that occurred on or about April 26, 2021. Dkt. 1-1 ¶ 9. Defendant ASIC issued a yacht insurance policy (no. B5JS44393) to Plaintiff Falvo for his vessel, *The Scoop*, effective from May 17, 2020, to May 17, 2021 (the "ASIC Policy"). Dkt. 1-1 ¶ 5; Dkt. 10-5. On or about May 7, 2021, Falvo and Denise Fernetti ("Fernetti") submitted a claim to ASIC asserting that on April

20, 2021, the vessel Falvo was operating hit a wake which injured Fernetti, a passenger on the boat. Dkt. 1-1 ¶¶ 9-10; Dkt. 10 ¶ 24. Fernetti, through her counsel, subsequently demanded full coverage under the ASIC Policy for her alleged injuries. Dkt. 10 at ¶ 4; Dkt. 15 at ¶ 35.

At the heart of this dispute is ASIC's discovery that Fernetti was Falvo's sister-in-law. Dkt. 10 at ¶ 5. On August 16, 2023, Fernetti sued Falvo in a case currently pending in the Middle District of Florida (*Denise Falvo v. Thomas Falvo*, Case No. 8:23-cv01846-SDM-AEP). Dkt. 1-1 ¶ 10; Dkt. 10 ¶ 7. Fernetti also sued *In Rem* on February 2, 2024, styled *Denise Falvo v. The Scoop, a 32-foot 2019 Tidewater fiberglass hull center console with HIN# NLPYC111L819, her two Yamaha engines, her gear and other appurtenances, IN REM*, Case No. 8:24-cv-000394-WFJ-AAS. Dkt. 15 ¶ 8; Dkt. 10 ¶ 8.

Pursuance to the ASIC Policy, ASIC initially provided legal representation to Falvo in *Denise Falvo v. Thomas Falvo*, Case No. 8:23-cv-01846-SDM-AEP, while it investigated the relationship between Fernetti and Falvo. Dkt. 10 ¶ 9. Once confirmed that Fernetti was "Denise Falvo" via her marriage to Falvo's brother, ASIC withdrew its legal defense for Falvo in *Denise Falvo v. Thomas Falvo*. Dkt. 10 at ¶ 11; Dkt. 15 ¶ 11. ASIC also subsequently informed Fernetti that, as a sister-in-law of Falvo, she was a "family member" under the terms of the ASIC Policy and denied coverage of her claim. Dkt. 1-1 at ¶ 12; Dkt. 10 ¶ 6.

2

As explained by ASIC's October 2, 2023 denial letter, Falvo's familial relationship with Fernetti fell under the "family member" liability exclusion in the ASIC Policy. Dkt. 1-1 ¶ 12; Dkt. 15 ¶ 12; Dkt. 10-4. On March 13, 2024, Falvo invoked the arbitration provision in the ASIC Policy to resolve the insurance coverage dispute. Dkt. 1-1 ¶ 19. On March 25, 2024, ASIC denied the Falvo's demand for arbitration as "untimely." Dkt. 1-1 ¶ 20.

The ASIC Policy for Falvo's vessel, as it pertains to losses covered, provides in relevant part:

> **SECTION B-1 – LIABILITY INSURANCE**
>
> **LOSSES COVERED**
>
> ***We*** *will pay those sums* ***you*** *become legally obligated to pay as damages arising out of* ***your*** *ownership, operation or maintenance of the covered* ***yacht*** *as respects to:*
>
> 1. *Loss of life or* ***bodily injury***;

Dkt. 10-5 at 8 (emphasis and bolding in original). The ASIC Policy provides, in relevant part, the following definitions:

> **DEFINITIONS (shown in *bold/italics* throughout the Declaration Page and policy)**
>
> ***Bodily Injury*** *means physical injury to the body of a person including resulting death. . . .*
>
> ***Family Members*** *means persons related by blood, marriage, civil union, or adoption (including a ward or foster child).*

> *Insured Person* means the person named on the Declaration Page and any of his or her *family members*. It shall also include any person, firm, corporation or legal entity whom *you* permit to operate the covered *yacht* without charge and for private pleasure use only. It does not mean any person or organization or employee thereof operating a boatyard, marina, yacht chartering or sales agency, or similar organization.

*Id.* at 3 (emphasis and bolding in original). The ASIC Policy provides, in relevant part, the following coverage exclusions:

> **LOSSES NOT COVERED (EXCLUSIONS) Section B-1 Liability and Section B-2 Pollution Liability**
>
> We will not pay: . . .
>
> **3.** For any liability between or among *family members*; . . .
>
> **10.** For any loss, damage or liability willfully or intentionally caused or incurred by an *insured person*; . . .
>
> **16.** For loss of life or *bodily injury* to an *Insured Person*.

*Id.* at 9 (emphasis and bolding in original). Finally, the arbitration provision in the ASIC Policy states:

> **ARBITRATION**
>
> If *you* make a claim under this policy and *we* disagree about whether the claim is payable or about the amount due to *you* under the policy, the disagreement must be resolved by binding arbitration before an arbitrator mutually acceptable to *you* and *us*. If *you* and *we* are unable to agree on a single arbitrator, then *we* will petition an appropriate court in the jurisdiction where this policy was issued to appoint an arbitrator. *We* will pay the arbitrator's fees. The arbitrator need not be a member of any particular association of arbitrators, and may be a commercial person with relevant experience in the marine industry. The arbitrator shall have the same powers as arbitrators under the Federal Arbitration

>   Act (9 U.S.C. Section 1, et. seq.).  The demand for arbitration must be made within one (1) year of the date of the loss or damage.

*Id.* at 13 (emphasis and bolding in original).

Plaintiff Falvo filed the instant complaint in state court seeking declaratory judgment (Count I) and specific performance compelling arbitration (Count II). *See* Dkt. 1-1. Defendant ASIC removed the case to federal court (Dkt. 1) and filed a counterclaim requesting a declaratory judgment that ASIC has no duty to defend or indemnify Falvo under the ASIC Policy for any of the claims asserted in the two underlying actions. *See* Dkt. 10.

Defendant's motion for judgment on the pleadings asks this Court to find for ASIC on Counts I and III of its Countercomplaint (Dkt. 10) and Counts I and II of Falvo's Complaint (Dkt. 1-1), essentially declaring that ASIC has no duty to defend or indemnify Falvo. Dkt. 23.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is limited to consideration of "the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998).

"A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). In evaluating a motion for judgment on the pleadings, the court must review the factual allegations in the light most favorable to the nonmoving party. *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). However, the court need not credit a nonmoving party's legal contentions. *See Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1304 n.12 (11th Cir. 2003) (citing *Honduras Aircraft Registry, Ltd. v. Government of Honduras*, 129 F.3d 543, 545 (11th Cir. 1997)).

A judgment on the pleadings pursuant to Rule 12(c) is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law[,]" *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996), or when "the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Jiles v. United Parcel Serv., Inc.*, 413 Fed.Appx. 173, 174 (11th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

## DISCUSSION

Based on the review of the filings, the Court denies Defendant ASIC's motion for judgment on the pleadings. As discussed below, Plaintiff has not waived his right to arbitrate by filing suit for declaratory judgment. Additionally, whether Plaintiff

timely demanded arbitration and whether Plaintiff's familial relationship with Fernetti falls under the "family member" exclusion are issues that are properly left to an arbitrator if the case goes to arbitration.

### I. Arbitration Provision

Defendant's motion contends arbitration in this dispute is improper for two reasons: (1) Plaintiff "has clearly and intentionally waived his right to arbitration" and (2) "the plain language of the ASIC Policy and the relevant facts clearly demonstrate that [Plaintiff] is not entitled to arbitration because his demand for arbitration occurred well after the time period prescribed." Dkt. 23 at 22. Plaintiff responds by arguing Defendant's position "defies logic" since Falvo cannot have "intentionally relinquished and abandoned the right to arbitration by filing the Instant Action seeking to compel arbitration and seeking a declaration of rights following the wrongful declination of arbitration." Dkt. 28 at 9. The Court agrees and denies Defendant's motion.

#### a. Wavier of Arbitration

The Federal Arbitration Act (the "FAA") provides that a written arbitration agreement in any maritime transaction or contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Whether a party's litigation conduct should result in the loss of its contractual right to arbitrate is treated by

federal courts "as a matter of federal law, using the terminology of waiver." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 416 (2022). Waiver "is the intentional relinquishment or abandonment of a known right," and the waiver analysis focuses on the actions of the person who held the right. *Id.* at 417 (citations and quotations omitted). Importantly, *Morgan* abrogated much of the Eleventh Circuit's prior precedent on waiver of arbitration rights. *Id.* at 417–418 (abrogating *S&H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1507, 1514 (11th Cir. 1990)). A heightened standard for considering waiver is now impermissible, and courts may only place arbitration agreements on the same footing as other contracts. *Id.* at 418 (citing *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 302 (2010)). As such, "waiver of arbitration rights is now evaluated under the same state-law standards governing other contract waiver issues." *Derriman v. Mizzen & Main LLC*, 710 F. Supp. 3d 1129, 1136 (M.D. Fla. 2023) (citing *Morgan*, 596 U.S. 411, 417–418).

Florida courts have found that "the court, rather than the arbitrator, determines whether or not a party has waived arbitration." *City of Jacksonville, Jacksonville Sheriff's Office v. Cowen*, 973 So. 2d 503, 507 (Fla. 1st DCA 2007). When determining whether a party waived its right to arbitrate, "the essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." *Ibis Lakes Homeowners Ass'n, Inc. v. Ibis*

*Isle Homeowners Ass'n, Inc.*, 102 So. 3d 722, 731 (Fla. 4th DCA 2012) (citing *Roger E. Freilich, D.M.D., P.A. v. Shochet*, 96 So. 3d 1135, 1138 (Fla. 4th DCA 2012)). Additionally, the "question of waiver is one of fact, reviewable for competent substantial evidence. All questions about waivers of arbitration should be construed in favor of arbitration rather than against it." *The Hillier Group, Inc. v. Torcon, Inc.*, 932 So. 2d 449, 456 (Fla. 2d DCA 2006) (citing *Doctors Assocs., Inc. v. Thomas*, 898 So.2d 159, 162 (Fla. 4th DCA 2005)).

"A party claiming waiver of arbitration must demonstrate: 1) knowledge of an existing right to arbitrate and 2) active participation in litigation or other acts inconsistent with the right." *Ibis Lakes Homeowners Ass'n, Inc.*, 102 So. 3d at 731 (citing *Inverrary Gardens Condo. I Ass'n, v. Spender*, 939 So.2d 1159, 1161 (Fla. 4th DCA 2006)). Regarding the "active participation" element, Florida courts have found that "propounding discovery directed to the merits of pending litigation before moving to compel arbitration results in a waiver of the right to arbitration." *Id.* (citing *Green Tree Servicing, LLC v. McLeod*, 15 So. 3d 682, 688 (Fla. 2d DCA 2009)); *Olson Elec. Co. v. Winter Park Redevelopment Agency*, 987 So.2d 178, 179 (Fla. 5th DCA 2008). Further, "[w]here a party defends on the merits by answering the complaint without demanding arbitration," *Marine Envtl. Partners, Inc. v. Johnson*, 863 So. 2d 423, 427 (Fla. 4th DCA 2003), or "mov[es] for summary judgment,"

9

*Lapidus v. Arlen Beach Condo. Ass'n*, 394 So. 2d 1102, 1103 (Fla. 3d DCA 1981), a wavier is deemed to have occurred.

Here, looking at the pleadings in the light most favorable to Plaintiff, the Court finds Falvo has not waived his right to arbitration. While Defendant is correct that Plaintiff has "answered ASIC's Counterclaim and participated in this Court's scheduling conference," these actions do not rise to the level of active participation in litigation necessary to waive one's arbitration rights. Dkt. 23 at 22. Indeed, Plaintiff demanded arbitration on March 13, 2024, an action demonstrating a desire to exercise his arbitration rights under the ASIC Policy. Dkt. 1-1 ¶ 19. It was only after ASIC denied Plaintiff's demand that Falvo filed suit in state court seeking only equitable relief via a declaratory judgment of (*inter alia*) his right to arbitrate with Defendant. Dkt. 1-1 ¶¶ 20, 27; *see Wilson v. AmeriLife of E. Pasco*, LLC, 270 So. 3d 542, 546 (Fla. 2d DCA 2019) (holding AmeriLife acted inconsistently with its right to arbitrate by seeking both equitable and legal relief, and noting "If AmeriLife's complaint had sought only equitable relief on its claims arising out of the agent agreement, we might conclude that there was no waiver. . ."). Furthermore, when answering Defendant's Counterclaim, Plaintiff has continued to assert that Defendant is wrongfully refusing his demand to arbitrate as required by the ASIC Policy. Dkt. 15 at 9. At no point has Plaintiff acted inconsistently with his right to

10

arbitrate; rather, the totality of the circumstances shows Plaintiff has taken steps to enforce his right to arbitrate his coverage dispute with ASIC.

Additionally, there has been no waiver of arbitration through "propounding discovery." *Ibis Lakes Homeowners Ass'n, Inc.*, 102 So. 3d at 731. The instant proceeding has not reached the discovery phase, so there is no indication Plaintiff has waived his right to arbitration by participating in merits discovery. *See Lion Gables Realty Ltd. v. Randall Mechanical, Inc.*, 65 So.3d 1098, 1101 (Fla. 5th DCA 2011) (finding subcontractors had waived the right to arbitration by participating in merits discovery—including requesting "copies of all material furnished in response to a production request directed to non-party"); *McLeod*, 15 So.3d at 694 (finding waiver of arbitration where appellant conducted "substantial" discovery activity which remained pending for several months, including production request for twenty-eight categories of merit-related documents and three sets of interrogatories); *Estate of Orlanis ex rel. Marks v. Oakwood Terrace Skilled Nursing & Rehab. Ctr.*, 971 So. 2d 811, 812 (Fla. 3d DCA 2007) (finding waiver where a party engaged in "interrogatories, requests for production of documents, and notices to produce to non-parties" before filing a motion to arbitrate); *Marthame Sanders & Co. v. 400 West Madison Corp.*, 401 So.2d 1145, 1145 (Fla. 4th DCA 1981) (finding waiver where defendant "proceeded with discovery, including depositions, interrogatories,

and document production"). Thus, the Court finds Plaintiff has not intentionally waived his right to arbitration at this stage of the proceeding.

### b. Timeliness of Demand for Arbitration

Turning to Defendant's second argument, Florida courts have made it clear that timeliness and waiver are two distinct issues. "Mere delay creating untimeliness is distinct from the active participation that creates waiver." *Alderman v. City of Jacksonville, Fire & Rescue Div.*, 902 So. 2d 885, 887 (Fla. 1st DCA 2005) (citing *Pub. Health Trust of Dade County v. M.R. Harrison Constr. Corp.*, 415 So.2d 756, 758 (Fla. 3d DCA 1982)). As such, any "questions of timeliness are to be decided by an arbitrator, not a trial court." *Id.* (citing *Piercy v. Sch. Bd. of Washington*, 576 So.2d 806 (Fla. 1st DCA 1991)); *see also The Hillier Group, Inc.*, 932 So. 2d at 456 ("Whether Hillier's demand for arbitration was untimely under the Contract is a question for the arbitrator to decide.").

Here, the Court forgoes Defendant's request to decide whether the ASIC Policy's timeliness provision is triggered on the date of the boating incident or the date an arbitrable disagreement between ASIC and Falvo ripened. Florida law is clear that such a determination is properly left to an arbitrator if the case goes to arbitration. Thus, at this stage in the proceeding, the Court declines to determine whether Plaintiff's March 2024 demand for arbitration was timely under the ASIC Policy.

## II.     Interpretation of "family members" under the ASIC Policy

Defendant's motion spends much of its time arguing that Fernetti falls under the "family member" exclusion in the ASIC Policy. *See* Dkt. 23 at 12–19. However, Plaintiff correctly points out that "whether Falvo and Fernetti are 'family members' must be resolved in arbitration, pursuant to the [ASIC] Policy." Dkt. 28 at 7. Because Plaintiff has not waived his right to arbitration, the Court declines to interpret the ASIC Policy's "family member" exclusion clause.

The determination of whether parties have agreed to submit a dispute to arbitration is an issue of law subject to judicial resolution. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010). Generally, this determination requires the district court to apply standard principles of state contract law. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 939 (1995); *see P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003); *Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1152–56 (Fla. 2014).

Under Florida law, "[t]he general rule is that where an arbitration agreement exists between the parties, arbitration is required only of those controversies or disputes which the parties have agreed to submit to arbitration." *Fla. Power Corp. v. City of Casselberry*, 793 So. 2d 1174, 1178 (Fla. 5th DCA 2001) (citation omitted). "[T]he question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability' is an issue for judicial determination

13

[u]nless the parties clearly and unmistakably provide otherwise." *Mercedes Homes, Inc. v. Colon*, 966 So. 2d 10, 14 (Fla. 5th DCA 2007) (citation omitted). To determine whether a dispute must be submitted to arbitration, the scope of the arbitration provision governs. *Fla. Dep't of Ins. v. World Re, Inc.*, 615 So. 2d 267, 269 (Fla. 5th DCA 1993).

In Florida, the scope of an arbitration clause and the determination of whether an arbitrable issue exists requires the court to examine the plain language of the arbitration agreement. *MacDougald Fam. Ltd. P'ship, LLP v. Rays Baseball Club, LLC*, 371 So. 3d 988, 991 (Fla. 2d DCA 2023). "Although any doubts regarding the scope of an arbitration clause should be resolved in favor of arbitration, where the contract provision is not doubtful, arbitration should not be ordered." *Id.* (quoting *Ocwen Fed. Bank FSB v. LVWD, Ltd.*, 766 So. 2d 248, 249 (Fla. 4th DCA 2000)).

Here, the plain language of the ASIC Policy's arbitration provision only has one possible interpretation—that all disputes involving the ASIC Policy's coverage are subject to binding arbitration. The provision unambiguously states, "If **you** make a claim under this policy and **we** disagree about whether the claim is payable or about the amount due to **you** under the policy, the disagreement must be resolved by binding arbitration before an arbitrator mutually acceptable to **you** and **us**." Dkt. 10-5 at 13 (emphasis and bolding in original). As discussed above, the heart of this dispute is ASIC's discovery that Fernetti was Falvo's sister-in-law, which led to

14

Defendant's denial of all insurance claims and the withdrawal of ASIC's legal defense for Falvo in the underlying state court actions. Dkt. 1-1 at ¶ 12; Dkt. 10-4. This coverage dispute between the parties—i.e., a "disagree[ment] about whether the claim is payable [and] about the amount due to [Falvo and Fernetti] under the policy" (Dkt. 10-5 at 13)—plainly falls within the scope of the arbitration provision. Thus, at this stage in the proceeding, the Court declines to interpret the "family members" exclusion since such an issue would be properly left to an arbitrator if this case goes to binding arbitration.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant Atlantic Specialty Insurance Company's Motion for Partial Judgment on the Pleadings, Dkt. 23, is **DENIED.**

2. If Plaintiff Thomas Falvo wishes to arbitrate under the terms of the ASIC Policy agreement, Plaintiff should file a motion to compel arbitration pursuant to 9 U.S.C. § 4 & Fla. Stat. § 682.03 within TEN days of this Order.

**DONE AND ORDERED** at Tampa, Florida, on January 23, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record