UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THOMAS FALVO**,

    Plaintiff,

v.                                             Case No. 8:24-cv-01412-WFJ-AEP

**ATLANTIC SPECIALTY
INSURANCE COMPANY**,

    Defendant.

_____/

## ORDER

Before the Court is Plaintiff Thomas Falvo's ("Falvo") Motion to Compel Arbitration. Dkt. 35. Defendant Atlantic Specialty Insurance Company's ("ASIC") has responded in opposition. Dkt. 38. Upon due consideration, the Court grants Plaintiff Falvo's motion to compel arbitration.

**FACTUAL BACKGROUND**

This case arises from a boating accident that occurred on or about April 26, 2021. Dkt. 1-1 ¶ 9. Defendant ASIC issued a yacht insurance policy (no. B5JS44393) to Plaintiff Falvo for his vessel, *The Scoop*, effective from May 17, 2020, to May 17, 2021 (the "ASIC Policy"). Dkt. 1-1 ¶ 5; Dkt. 10-5. On or about May 7, 2021, Falvo and Denise Fernetti ("Fernetti") submitted a claim to ASIC asserting that on April 20, 2021, the vessel Falvo was operating hit a wake which injured Fernetti, a

passenger on the boat. Dkt. 1-1 ¶¶ 9-10; Dkt. 10 ¶ 24. Fernetti, through her counsel, subsequently demanded full coverage under the ASIC Policy for her alleged injuries. Dkt. 10 ¶ 4; Dkt. 15 ¶ 35.

On August 16, 2023, Fernetti sued Falvo in a case currently pending in the Middle District of Florida (*Denise Falvo v. Thomas Falvo*, Case No. 8:23-cv-01846-SDM-AEP). Dkt. 1-1 ¶ 10; Dkt. 10 ¶ 7. Fernetti also sued *In Rem* on February 2, 2024, styled *Denise Falvo v. The Scoop, a 32-foot 2019 Tidewater fiberglass hull center console with HIN# NLPYC111L819, her two Yamaha engines, her gear and other appurtenances, IN REM*, Case No. 8:24-cv-000394-SDM-AEP. Dkt. 15 ¶ 8; Dkt. 10 ¶ 8.

Pursuance to the ASIC Policy, ASIC initially provided legal representation to Falvo in *Denise Falvo v. Thomas Falvo*, Case No. 8:23-cv-01846-SDM-AEP, while it investigated the relationship between Fernetti and Falvo. Dkt. 10 ¶ 9. Once ASIC confirmed that Fernetti was "Denise Falvo" via her marriage to Falvo's brother, ASIC withdrew its legal defense for Falvo in *Denise Falvo v. Thomas Falvo*. Dkt. 10 ¶ 11; Dkt. 15 ¶ 11. ASIC also subsequently informed Fernetti that, as a sister-in-law of Falvo, she was a "family member" under the terms of the ASIC Policy and denied coverage of her claim. Dkt. 1-1 ¶ 12; Dkt. 10 ¶ 6.

As explained by ASIC's October 2, 2023 denial letter, Falvo's familial relationship with Fernetti fell under the "family member" liability exclusion in the

2

ASIC Policy. Dkt. 1-1 ¶ 12; Dkt. 15 ¶ 12; Dkt. 10-4. On March 13, 2024, Falvo invoked the arbitration provision in the ASIC Policy to resolve the insurance coverage dispute. Dkt. 1-1 ¶ 19. On March 25, 2024, ASIC denied the Falvo's demand for arbitration as "untimely." Dkt. 1-1 ¶ 20.

The arbitration provision in the ASIC Policy states:

**ARBITRATION**

If *you* make a claim under this policy and *we* disagree about whether the claim is payable or about the amount due to *you* under the policy, the disagreement must be resolved by binding arbitration before an arbitrator mutually acceptable to *you* and *us*. If *you* and *we* are unable to agree on a single arbitrator, then *we* will petition an appropriate court in the jurisdiction where this policy was issued to appoint an arbitrator. *We* will pay the arbitrator's fees. The arbitrator need not be a member of any particular association of arbitrators, and may be a commercial person with relevant experience in the marine industry. The arbitrator shall have the same powers as arbitrators under the Federal Arbitration Act (9 U.S.C. Section 1, et. seq.). The demand for arbitration must be made within one (1) year of the date of the loss or damage.

Dkt. 10-5 at 13 (emphasis and bolding in original).

Plaintiff Falvo filed the instant complaint in state court seeking declaratory judgment (Count I) and specific performance compelling arbitration (Count II). *See* Dkt. 1-1. Defendant ASIC removed the case to federal court (Dkt. 1) and filed a counterclaim requesting a declaratory judgment that ASIC has no duty to defend or indemnify Falvo under the ASIC Policy for any of the claims asserted in the two underlying actions. *See* Dkt. 10.

3

On January 23, 2025, the Court denied Defendant's motion for judgment on the pleadings ("Denial Order"). Dkt. 34. In the Denial Order, the Court stated that if Falvo wished to arbitrate he should "file a motion to compel arbitration pursuant to 9 U.S.C. § 4 & Fla. Stat. § 682.03 within TEN days of this Order." *Id.* at 15. Plaintiff complied with the Court's request and timely filed the instant motion to compel arbitration. Dkt. 35.

## LEGAL STANDARD

The Federal Arbitration Act (the "FAA") provides that a written arbitration agreement in any contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA provides a federal "policy favoring arbitration." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022). Additionally, "Florida public policy favors arbitration, and any doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration." *Dye v. Tamko Bldg. Prods., Inc.*, 275 F. Supp. 3d 1314, 1317 (M.D. Fla. 2017) (quoting *BKD Twenty-One Mgmt. Co., Inc. v. Delsordo*, 127 So. 3d 527, 530 (Fla. 4th DCA 2012)), *aff'd*, 908 F.3d 675 (11th Cir. 2018).

The existence of a valid arbitration agreement is a threshold issue for ruling on a motion to compel arbitration. *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004). If the Court finds that no agreement exists, it cannot compel the parties

to settle their dispute in an arbitral forum. *Id.* When a party moves to compel arbitration, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue . . . shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

"Under the FAA, a party seeking to compel arbitration must demonstrate that (a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles and (b) the claims before the court fall within the scope of that agreement." *Garcia v. Church of Scientology Flag Serv. Org., Inc.*, No. 8:13-CV-220-T-27TBM, 2015 WL 10844160, at *3 (M.D. Fla. Mar. 13, 2015) (citing *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008)), *aff'd*, No. 18-13452, 2021 WL 5074465 (11th Cir. Nov. 2, 2021)).

## DISCUSSION

Based on the review of the record, the Court grants Plaintiff Falvo's motion to compel arbitration. As discussed below, there is no dispute that there is an enforceable arbitration provision, and whether Plaintiff timely demanded arbitration is an issue that is properly left to an arbitrator under Florida law.

### I. Enforceable Arbitration Provision

As an initial matter, the Court must determine whether there is a valid agreement to arbitrate. *See Falcon v. TelevisaUnivision Digital, Inc.*, No.

823CV02340TPBUAM, 2024 WL 1492831, at *2 (M.D. Fla. Mar. 29, 2024). A district court must "apply ordinary state-law principles that govern the formation of contracts" to determine whether there is a valid agreement to arbitrate under the FAA. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under Florida law, an enforceable contract requires an offer, acceptance, consideration, and sufficient specification of essential terms. *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004).

Here, there is no dispute about the validity and enforceability of the ASIC Policy agreement. Nor does Defendant dispute the validity of the arbitration provision. *See generally* Dkts. 23, 30, and 33. Rather, Defendant argues arbitration is not available to Plaintiff due to his untimely demand for arbitration. Dkt. 38 at 3 ("Here, notwithstanding the Court's determination that timeliness is to be determined by an arbitrator, Falvo's demand for arbitration falls outside of the policy provisions. As such, under Florida law, the policy must be enforced and his demand for arbitration denied."). As such, the Court finds there is no genuine dispute that there is a valid and enforceable agreement to arbitrate under the ASIC Policy.[1] *See* Dkt. 10-5 at 13.

---

[1] As discussed in the Court's Denial Order, the Court still finds that Plaintiff did not waive his right to arbitration under Florida law. Dkt. 35 at 7-11.

## II. Scope of Arbitration Provision

Next, the Court must determine whether the legal issues at bar fall within the scope of the ASIC Policy's arbitration provision. Determining whether parties have agreed to submit a dispute to arbitration is an issue of law subject to judicial resolution. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010). "When federal courts interpret arbitration agreements, state contract law governs and directs the courts' analyses of whether the parties committed an issue to arbitration." *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1147 (11th Cir. 2015) (citing *Kaplan*, 514 U.S. at 944).

Under Florida law, "[t]he general rule is that where an arbitration agreement exists between the parties, arbitration is required only of those controversies or disputes which the parties have agreed to submit to arbitration." *Fla. Power Corp. v. City of Casselberry*, 793 So. 2d 1174, 1178 (Fla. 5th DCA 2001) (citation omitted). "[T]he question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability' is an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *Mercedes Homes, Inc. v. Colon*, 966 So. 2d 10, 14 (Fla. 5th DCA 2007) (citation omitted). To determine whether a dispute must be submitted to arbitration, the scope of the arbitration provision governs. *Fla. Dep't of Ins. v. World Re, Inc.*, 615 So. 2d 267, 269 (Fla. 5th DCA 1993). The scope of an arbitration clause and the determination

of whether an arbitrable issue exists requires the court to examine the plain language of the arbitration agreement. *MacDougald Fam. Ltd. P'ship, LLP v. Rays Baseball Club, LLC*, 371 So. 3d 988, 991 (Fla. 2d DCA 2023). "Although any doubts regarding the scope of an arbitration clause should be resolved in favor of arbitration, where the contract provision is not doubtful, arbitration should not be ordered." *Id.* (quoting *Ocwen Fed. Bank FSB v. LVWD, Ltd.*, 766 So. 2d 248, 249 (Fla. 4th DCA 2000)).

Here, as the Court previously held in the Denial Order, "the plain language of the ASIC Policy's arbitration provision only has one possible interpretation—that all disputes involving the ASIC Policy's coverage are subject to binding arbitration." Dkt. 34 at 14. The provision unambiguously states, "If **you** make a claim under this policy and **we** disagree about whether the claim is payable or about the amount due to **you** under the policy, the disagreement must be resolved by binding arbitration before an arbitrator mutually acceptable to **you** and **us**." Dkt. 10-5 at 13 (emphasis and bolding in original). Defendant, however, contends that Plaintiff's "demand for arbitration is time barred because . . . the demand for arbitration was made on March 13, 2024, which is more than one (1) year from the date of loss or damage (April 26, 2021) and more than one (1) year from the date that the claim was first submitted to ASIC (May 7, 2021). The applicable insurance policy provides that '[t]he demand for arbitration must be made within one (1) year of the date of the loss or damage,'

8

thereby barring Falvo's demand for arbitration." Dkt. 38 at 1-2. While Defendant may be right on this issue, this Court cannot make such a decision.

As explained in the Denial Order, Florida caselaw has held that timeliness is an issue properly left to the arbitrator. Dkt. 35 at 12. Any "questions of timeliness are to be decided by an arbitrator, not a trial court." *Alderman v. City of Jacksonville, Fire & Rescue Div.*, 902 So. 2d 885, 887 (Fla. 1st DCA 2005) (citing *Piercy v. Sch. Bd. of Washington*, 576 So. 2d 806 (Fla. 1st DCA 1991)). Whether Plaintiff's demand for arbitration was untimely under the ASIC Policy's arbitration provision "is a question for the arbitrator to decide. This is true even if the time requirement for arbitration is labeled a condition precedent." *Hillier Grp., Inc. v. Torcon, Inc.*, 932 So. 2d 449, 456 (Fla. 2d DCA 2006); *see also Gren v. Gren*, 133 So. 3d 1066, 1068 (Fla. 4th DCA 2014) ("Timeliness of a demand for arbitration is a fact question reserved for an arbitrator, not the trial judge."); *Thenet v. Jenne*, 968 So. 2d 46, 46 (Fla. 4th DCA 2007) ("We reverse because the issue of timeliness was a question for an arbitrator."); *CED Const., Inc. v. Kaiser-Taulbee Associates, Inc.*, 816 So. 2d 813, 814 (Fla. 5th DCA 2002) ("The issue of whether the demand for arbitration was timely is a question of fact to be decided by arbitration, not the trial court.").

As such, the Court reiterates its previous decision to forgo "Defendant's request to decide whether the ASIC Policy's timeliness provision is triggered on the date of the boating incident[,] [the date that the claim was first submitted to ASIC,]

9

or the date an arbitrable disagreement between ASIC and Falvo ripened." Dkt. 34 at 12. Florida law is clear that the timeliness of Plaintiff's demand for arbitration is properly left to an arbitrator.[2]

## CONCLUSION

The Eleventh Circuit has noted that "[u]pon finding that a claim is subject to an arbitration agreement, the [district] court should order that the action be stayed pending arbitration. 9 U.S.C. § 3. If the parties do not proceed to arbitration, the court may compel arbitration. 9 U.S.C. § 4." *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992).

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Plaintiff Falvo's Motion to Compel Arbitration, Dkt. 35, is **GRANTED**. Defendant ASIC is compelled to arbitrate the claims brought in this suit by Plaintiff Falvo.

2. The parties shall file a notice informing the Court that the arbitration has been concluded, or that their dispute has otherwise been resolved, within **TEN days** of either of such events.

---

[2] Finally, while not raised in Defendant's response to the motion to compel arbitration, the Court reiterates that whether Plaintiff's sister-in-law falls under the ASIC Policy's "family member" exclusion clause is also an issue properly left to the arbitrator. *See* Dkt. 34 at 13-15.

3. This case is **STAYED** pending the arbitration of Plaintiff Falvo's claims against Defendant ASIC, and the Clerk is **DIRECTED** to administratively close the file.

**DONE AND ORDERED** at Tampa, Florida, on February 28, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record